**GARRITSON *vs.* HIS CREDITORS.**

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

In an absolute or defeasible sale, the property does not pass from the vendor with regard to third persons, until tradition takes place; but before the tradition the vendee has *jus ad rem*, though not *in re*.

So where a bill of sale is taken on a steam-boat, to secure the payment of a sum of money, executed between the parties in the state of Tennessee, and registered in a court there, and the boat is afterwards brought to this state, and sold by the syndic of the creditors of the owner, who becomes insolvent: *Held*, that the bill of sale is valid although defeasible, on payment of the money; and that the sale by the syndic changed the remedy,-without affecting the vendee's right, who is still entitled to the proceeds.

On the 2d March, 1831, the plaintiff made a surrender of his property to his creditors, which was accepted, and J. Leeds appointed syndic. Among the articles surrendered, was the steam-boat Red Rover, valued in the schedule at six thousand dollars.

· After selling the property surrendered, the syndic filed a tableau of distribution on the 26th March, 1826.

On the 2d April following, Joseph Hurst, a judgment creditor of the insolvent, for materials furnished and labor done, on the steamer Red Rover in Tennessee, before she made her voyage to New-Orleans, amounting to six hundred and sixty-three dollars, made opposition to the tableau, and claimed to be put on it as a privileged creditor, on the proceeds of the steam-boat. His judgment was obtained on an attachment against the boat, after her arrival in this state, which was duly recorded.

On the 6th of April, Baxter & Hicks filed their petition to the tableau, alleging various grounds of opposition, on the score of informalities &c. in it; and also claimed to be

placed thereon as privileged creditors, on the proceeds of said steam-boat, for near three thousand dollars.

The petitioners annexed to their opposition a bill of sale, executed by the insolvent to them, in the state of Tennessee, where the steam-boat was built. It was recorded in the county court of one of the counties in that state, and stipulated a sale of the steam-boat to the vendees, but defeasible on the payment of the sum mentioned therein, conditioned also that the boat should not leave the state, until the money was paid.

*Leeds*, the syndic, was also placed on the tableau as a creditor, for six hundred and sixteen dollars and seventy-three cents, for boilers, castings, &c., furnished said boat.

On the final hearing of these oppositions, the claims were allowed respectively, but Baxter & Hicks were ordered to be placed on the tableau, and be paid in preference to Leeds and Hurst. They appealed.

*Lockett and M'Caleb*, for the appellants, contended that the judgment should be reversed, because the mortgage under which Baxter & Hicks claim the preference over other creditors, was never recorded, at least there is no proof of it, and if it had been, it could only have effect against third persons, from the date of its registry.

2. The mortgage being the only ground on which the preference was given to Baxter & Hicks, and this it seems is evidently insufficient, the decision of the District Court is therefore clearly erroneous; and must be reversed.

*Hennen*, for Baxter & Hicks, the appellees, made the following points.

1. We claim a privilege on the proceeds, under a bill of sale of the steam-boat, which was duly recorded and enregistered in one of the courts in Tennessee, where the boat then was, and where she was to remain, until the contract between the parties was fulfilled.

This bill of sale is absolute, but with the condition that if the *sum due* Baxter & Hicks should be paid, then a re-

conveyance would be made. This deed was not required to be registered in Louisiana, as the boat was to remain in Tennessee. It was a fraud in bringing her away.

3. Baxter & Hicks had commenced 'suit, and were proceeding to judgment, when Garritson surrendered his property. They could have enforced their rights against the boat, in virtue of their mortgage, if they had not been compelled to cumulate their suit with the *concurso* of creditors. They have now a privilege on the proceeds of the sale of the boat.

*Martin, J.*, delivered the opinion of the court.

The syndic is appellant from a judgment, by which he is ordered to pay to an intervening party, the proceeds of the sale of a steam-boat, part of the property surrendered by the insolvent.

The judgment is complained of, on the ground that the mortgage under which a privilege is claimed, was never recorded, and if it had been it could have no effect against third persons, except from the date of the registry.

The counsel of the appellee urges, they claim under a bill of sale of the boat, the proceeds of the sale of which are now in the hands of the appellant. The bill of sale appears to have been registered in a court of the state of Tennessee, within the jurisdiction of which the sale was made, and the boat was to remain in that state, by the terms of the contract. The sale is indeed defeasible on the payment of a sum of money. The insolvent was guilty of fraud in taking the boat, in violation of his contract, out of the state of Tennessee, and bringing her to New-Orleans.

It does not appear to us, that the instrument under which the proceeds of the boat are claimed, had any other object than, to secure the payment of a sum of money ; but the parties chose to give to their contract the form of a defeasible sale, and we cannot consider it in any other light. It is true that in an absolute or defeasible sale, the property does not pass from the vendor, with regard to third parties, till tradition takes place. *Traditionibus non nudis pactis dominia*

In an absolute or defeasible sale, the property does not pass from the vendor with regard to third persons, until tradition takes place ; but before the tradition, the vendee has *jus ad rem* though not *in re*. So where a bill of sale is taken on a steam-boat, to secure the payment of a sum of money, executed between the parties in the state of Tennessee, and registered in a court there, and the boat is afterwards brought to this state, and sold by the syndic of the creditors of the own-

70

EASTERN DIST.
February, 1835.

er who becomes insolvent: *Held, that the bill of sale is valid, although defeasible on payment of the money; and that the sale by the syndic changed the remedy, without affecting the vendee's right, who is still entitled to the proceeds.*

*rerum transferentur.* But before tradition the vendee has *jus ad rem*, though not *in re.* This right the vendee began to exercise by a suit against the insolvent, before the cession, which was cumulated with the proceedings in the *concurso.* The plaintiff, if his suit had been suffered to be proceeded in to judgment, must have recovered the boat *rem ipsam.*

The sale by the syndic has changed the *remedy,* without affecting the *right.* Since the boat cannot now be recovered, the plaintiff was entitled to what represents her, *i. e.,* the proceeds of the sale, and we do not think the District Court erred in decreeing them to be paid to him.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.